UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

                                                                         Case No. 8-10-73746-reg

BARRY R. CLARK and
DIANNE CLARK,

                                                                          Chapter 7

                             Debtors.
----------------------------------------------------------------x

## MEMORANDUM DECISION

Before the Court is a motion (the "Motion") by the Debtors to reopen their Chapter 7 bankruptcy case, vacate the discharge as to Ford Motor Corporation ("Ford"), and allow the Debtors to reaffirm a debt owed to Ford under the provisions of Section 524 of the Bankruptcy Code. The Motion is not opposed, however the Court questioned, *sua sponte*, its authority to grant the requested relief.

Debts that are subject to discharge in bankruptcy may not be reaffirmed unless a debtor strictly complies with all of the requirements of Section 524 of the Code. Both the statute and case law mandate a process that requires strict compliance by the debtor. This process has been established to protect debtors from the pressure that could otherwise be exerted by overly aggressive creditors to pay discharged debts. In the matter before the Court the Debtors have admittedly failed to comply with the reaffirmation requirements of the Code. They nevertheless ask this Court to allow them to waive the protection of the Code and permit them to vacate their discharge. The Court does not believe there is any basis under the Code to grant this relief. While sympathetic to the needs of these Debtors the potential consequence of permitting a debtor to avoid complying with the statutory scheme established by the Code is to encourage creditors to force debtors to waive the very protections afforded them at a time when they are most

vulnerable. The Court believes such a result would not be in the best interest of these Debtors and would undermine the integrity of the bankruptcy process. The Debtors' Motion, therefore, is denied.

*Background*

The Debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on May 17, 2010. They scheduled a $32,000 debt to Ford secured by a 2008 Ford Expedition (the "Vehicle") valued at $19,750. The Debtors' Statement of Intention, which ordinarily would give notice as to a debtor's intention with respect to secured collateral – *e.g.*, to surrender, redeem (Section 722) or reaffirm (Section 524) – did not list any debts secured by property of the estate. The Debtors also scheduled $82,734.47 in unsecured non-priority debt which appears to be mostly credit card obligations. The Chapter 7 Trustee (the "Trustee") filed a no-asset report on June 25, 2010 and the Debtors received their discharge on August 24, 2010. On that same day, the bankruptcy case was closed.

According to the Debtors, Ford initially repossessed the Vehicle on September 2, 2010. The Debtors filed the instant Motion on September 7, 2010. The Debtors originally asked the Court to reopen the bankruptcy case and vacate the discharge solely as it relates to Ford, so that they could enter into a reaffirmation agreement and immediately re-close their bankruptcy case. In support of the Motion, the Debtor states that Ford never forwarded a reaffirmation agreement to Debtors' counsel but they need the Vehicle for work and want to enter into a reaffirmation agreement (the "Reaffirmation Agreement") to assure that they can retain possession of the Vehicle.

At a hearing held on October 18, 2010, the Debtors' counsel informed the Court that subsequent to Ford repossessing the Vehicle, the Debtors became current on their obligation and Ford returned the Vehicle to them.  Despite the Debtors currently having possession of the Vehicle, they fear that Ford may in the future attempt to repossess the Vehicle because their debt has been previously discharged.  The Debtors' counsel cited 11 U.S.C. § 727(10) as statutory support for the theory that the Debtors may, post-discharge, waive their discharge with respect to Ford.  At a subsequent hearing, held on November 15, 2010, when asked by the Court as to whether Section 727(a)(10) applied to singular debts as opposed to the entire discharge, Debtors' counsel informed the Court that the Debtors are willing to vacate their discharge *in toto* in order to reaffirm their obligation to Ford.  The Court gave the Debtors the opportunity to submit a supplemental brief on the issue of whether a debtor has the right to vacate a binding and enforceable discharge *in toto*.

On December 7, 2010, the Debtors' counsel filed a memorandum of law in response to the Court's inquiry.  The Debtors argue that the case should be reopened pursuant to Section 350(b) of the Code, and the discharge should be vacated pursuant to Section 105 and Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024.  The memorandum of law does not discuss Section 727(a)(10).  The Debtors concede that the bulk of the case law does not favor granting the requested relief.  However, they cite to the following cases in support of the Court's authority to grant this relief under "special circumstances."  *Diaz v. Chrysler Fin. Co., LLC (In re Diaz)*, No. 00-4397, 2001 U.S. Dist LEXIS 1139 (E.D. Pa. Feb. 5, 2001); *In re Edwards*, 236 B.R. 124 (Bankr. D. N.H. 1999); *In re Eccleston*, 70 B.R. 210 (Bankr. N.D.N.Y. 1986); *In re Long*, 22 B.R. 152 (Bankr. D.

Me. 1982). The Debtors' primary argument is that the facts of this case present "special circumstances" because these Debtors rely on the Vehicle to get to work and they would not be able to obtain a replacement if the Vehicle were repossessed. Without the Vehicle they will not be able to continue to earn income. As a result, they argue that they will be severely prejudiced by the Court's failure to grant the requested relief and there will be no prejudice to any other party if the Court were to grant the Motion.

*Discussion*

*Standard to reopen*

Section 350(b) of the Code states that a bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The Bankruptcy Code does not define "cause," *In re Cruz*, 254 B.R. 801, 804 (Bankr. S.D.N.Y. 2000), and the decision to reopen the case is within the Court's discretion. *Id*. (citing *In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996) (stating that the decision to reopen invokes the bankruptcy court's equitable powers, "which is dependent on the facts and circumstances of each case")). The party moving to reopen the case bears the burden of proof. *In re Suber*, No. 06-20369 NLW, 2007 WL 2325229, at *1 (Bankr. D.N.J. Aug. 13, 2007). However, a case should not be reopened if the ultimate relief the movant seeks is inappropriate. Several courts have held that the filing of an unenforceable reaffirmation agreement does not constitute "cause" to reopen a case. *See, e.g., In re Suber*, 2007 WL 2325229 at *1; *In re Lee*, 356 B.R. 177, 180 (Bankr. N.D.W. Va. 2006) (citing *In re Pettet*, 271 B.R. 855 (Bankr. S.D. Ind. 2002)); *In re Rigal*, 254 B.R. 145 (Bankr. S.D. Tex. 2000); *In re Brinkman*, 123 B.R. 611 (Bankr. N.D. Ind. 1991). For the reasons that

follow, this Court agrees with these decisions.

*Retaining personal property which secures a discharged debt*

Pursuant to Section 521(a)(2) of the Code a debtor must state its intention with respect to debts which are secured by property of the estate in a timely manner. A debtor must state whether it intends to surrender or retain the property, and if it is the intent to retain, must state whether it will redeem the collateral pursuant to Section 722 or reaffirm the debt pursuant to Section 524. Specifically, the Code provides that:

> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, *the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property*;
>
> (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, *the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph*; and
>
> (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h) . . . .

11 U.S.C. §521(a)(2) (emphasis added).

If a debtor does not timely comply with the requirements of Section 521(a)(2), the Section 362 stay will no longer apply to that property and it will no longer be deemed property of the estate. *See* 11 U.S.C. §521(a)(6); 362(h). The secured creditor will then be free to exercise its rights to foreclose on the collateral. The creditor may at its option enter into an

agreement with the debtor that permits the debtor to retain the collateral in return for the debtor continuing to make payments to the creditor. *See* 11 U.S.C. §524(f) (nothing in the reaffirmation requirements "prevents a debtor from voluntarily repaying any debt"); *In re Leiter*, 109 B.R. 922, 926 (Bankr. N.D. Ind. 1990) (stating, without holding, that when a debtor has not properly reaffirmed the debt, the debtor can still make voluntary payments to the creditor pursuant to §524(f) and possibly enter into a novation agreement); *see also In re Rigal*, 254 B.R. 145, 147 (Bankr. S.D. Tex. 2000) (stating that "there is no statutory prohibition (in fact there is express statutory authority [in current § 524(f)]) for the debtor to pay a debt that has been discharged").

*Reaffirmation under Section 524*

One of the ways in which a debtor can retain secured collateral is to reaffirm the underlying debt by complying with the requirements of Section 524(c). These requirements are strictly construed and are not subject to waiver. *In re Lee*, 356 B.R. at 182 (citing cases). In pertinent part, Section 524(c)(1) provides,

> An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if--
>
> (1) *such agreement was made before the granting of the discharge* under section 727, 1141, 1228, or 1328 of this title;

11 U.S.C. § 524(c)(1) (emphasis added).

Both the statute and case law make it clear that a reaffirmation agreement will be unenforceable if it is not made before the granting of the discharge. *In re Suber*, 2007 WL 2325229 at *2; *see also In re Rafferty*, No. 08-30950 (LMW), 2008 WL 5545266, at *1 (Bankr. D. Conn. Dec. 23,

2008); *In re Collins*, 243 B.R. 217 (Bankr. D. Conn. 2000). The Code and the Federal Rules of Bankruptcy Procedure give debtors ample opportunity to delay the entry of the discharge in order to accomplish a reaffirmation. *See* 11 U.S.C. §521(a)(2)(B) (allowing the court to grant additional time for the debtor to reaffirm); Fed. R. Bankr. P. 4004(c)(1)(J) (court may not enter discharge if "a motion to enlarge time to file a reaffirmation agreement under Rule 4008(a) is pending"); Fed. R. Bankr. P. 4004(c)(2) ("[O]n motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that [sic], the court may defer entry of the order to a date certain."); Fed. R. Bankr. P. 4008(a) ("The court may, at any time and in its discretion, enlarge the time to file a reaffirmation agreement.").

It is the Court's conclusion that the facts as presented demonstrate that the reaffirmation agreement in this case was not entered into prior to the entry of the Debtors' discharge. Therefore as mandated by the Code the reaffirmation agreement is unenforceable and the Court will not reopen the case.

*Vacatur of discharge order*

The Debtors do not dispute that the reaffirmation agreement was entered into post-discharge. Rather, they ask the Court to disregard the statute and turn back the clock, so to speak, and allow them to achieve their stated objective of reaffirming the debt to Ford by vacating their discharge *in toto*. Vacatur of the entire discharge in this case would reinstate the Debtors' personal liability for over $80,000 in unsecured debt. The Debtors argue that the relief they request is permitted under either Rule 60(b) or Section 105, or both. Although the Debtors cited some cases in support of their argument, the overwhelming majority of cases holds that it is

inappropriate to reopen a case in order to vacate a discharge and approve a reaffirmation agreement whether it be under Rule 60(b) or Section 105.  *See, e.g.*, *In re Suber*, 2007 WL 2325229 at *3 (stating, "[t]he majority of courts hold that a reaffirmation agreement made post-discharge is unenforceable" and finding that even under the more lenient §105 or Rule 60(b) standard the debtor's motion to reopen her case for the purpose of entering a reaffirmation agreement was denied); *In re Huffman*, No. 07-50139, 2007 WL 1856770, at *1-2 (Bankr. M.D.N.C. June 25, 2007) (refusing to invoke §105(a) and finding that the requirements under §524(c) are clear and must be strictly construed); *In re Stewart*, 355 B.R. 636, 638-39 (Bankr. N.D. Ohio 2006) (refusing to use its equitable powers under § 105 to vacate a discharge order to allow debtor to enter into a reaffirmation agreement); *In re Rigal*, 254 B.R. 145, 148 (Bankr. S.D. Tex. 2000) (rejecting Federal Rule of Bankruptcy Procedure 9024 as authority for the court to revoke a discharge for the purpose of entering into a reaffirmation agreement).  Federal Rule of Civil Procedure 60(b) provides that the Court may relieve a party from a final judgment or order for several reasons, including "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."  On this point, this Court agrees with the reasoning of the Court in *In re Rigal*, 254 B.R. at 147, that the cited rule is inapplicable.  In the instant case, there was no mistake or error about the entry of the discharge.  *Id*.  "The Debtors and [Ford] are simply not happy with the results of entry of the discharge." *Id.*  As explained in *In re Rigal*, the provisions of Section 524(c) and (d) are "meaningless if there is the simple expedient of vacating the discharge and reentering it to allow a Debtor to enter into a reaffirmation agreement." *Id*.

The Court finds that relief under Section 105(a) is also inappropriate.  A debtor may waive the dischargeability of a specific debt if the waiver satisfies the reaffirmation requirements

of Section 524(c). *See Keyhoe v. Cole (In re Cole)*, 226 B.R. 647, 653 (B.A.P. 9th Cir. 1998). When Congress specifically includes language in the Code, it is presumed to be intentional. *Id*. The equitable powers of Section 105(a) may not be used to disregard unambiguous statutory language. *See In re Stewart*, 355 B.R. at 638-39 (citing cases); *see also In re Pincus*, 280 B.R. 303, 312 (Bankr. S.D.N.Y.,2002) (finding that where a specific section of the Code specifically addresses the issue before the court, the court may not use its equitable powers to achieve a result not contemplated by the Code) (citing cases); *In re Duratech Industries, Inc.*, 241 B.R. 283, 288 (E.D.N.Y. 1999) (stating that §105 "does not permit the bankruptcy courts to contravene the express provisions of the Bankruptcy Code") (citing 2 Collier on Bankruptcy ¶ 105.01[2] (15th ed.1996)). Therefore, because the Code provides a specific mechanism for reaffirmation of a debt, this Court will not permit the Debtors to employ a circuitous route for waiver of dischargeability of a specific debt.

Although it is unclear whether the Debtors abandoned their argument that the discharge should be vacated *in toto* pursuant to 11 U.S.C. §727(a)(10), the Court also finds that relief under that section is inappropriate. Section 727(a)(10) permits a debtor to waive the entire discharge by executing a post-petition written agreement that is approved by the Court. *See* 11 U.S.C. § 727(a)(10) ("The court shall grant the debtor a discharge unless . . . the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter"). *See also In re Cole*, 226 B.R. at 653; *In re Kleinman*, No. 05-55211 (NLW), 2010 WL 1641085, at \*2-3 (Bankr. D.N.J. Apr. 21, 2010); *In re Duca*, 2004 WL 2274968, at \*4 (Bankr. D. Colo. Aug. 9, 2004); *In re Kroen*, 280 B.R. 347, 353 n.7 (Bankr. D. N.J. 2002); *In re Sheehan*, 153 B.R. 384, 385 (Bankr. D. R.I. 1993). Section 727(a)(10) should not be used to waive discharge of

individual debts. *See In re Leiter*, 109 B.R. at 926 (finding that §727(a)(10) is used to waive a discharge *in toto* and §524(c) is the proper mechanism to waive a discharge as to only one debt). *But see In re Lichtenstein*, 161 Fed. Appx. 461 (6th Cir. 2005) (finding that a stipulation discharging ex-wife's claims against debtor in debtor's prior bankruptcy constituted a waiver of discharge pursuant to §727(a)(10) in debtor's subsequent bankruptcy); *In re Mapother*, 53 B.R. 433 (Bankr. W.D. Ky. 1985) (finding that a stipulation of nondischargeability between a debtor and one creditor met the requirements for waiver of discharge of that singular debt under §727(a)(10)). Further, a debtor must exercise a waiver of the discharge pursuant to Section 727(a)(10) prior to entry of the discharge order. *In re Leiter*, 109 B.R. at 926 (stating, "[e]ven if the [d]ebtor deserved to waive his general discharge, this must be done before the general discharge is entered"). Finally, it should also be noted that revocation of the discharge would not be appropriate under Section 727(d) on the facts of this case, *see* 11 U.S.C. § 727(d) (listing grounds generally involving fraud on the part of the debtor), and the Debtors likely do not have standing to revoke their discharge under Section 727(d). *See In re Rigal*, 254 B.R. at 148 (compiling cases that hold "there simply is no authority for the Bankruptcy Court to vacate an order of discharge at the request of a debtor"); *In re Leiter*, 109 B.R. at 925.

Finally, in addition to the statutory framework which prevents the relief sought by the Debtors, the Court believes that it would not be in the best interests of the integrity of the bankruptcy process to permit the requested relief. While Congress intended to permit a debtor to make an informed decision to waive a discharge when necessary, Congress clearly intended to protect the debtor's fresh start from the overly aggressive creditor. *See* S. Rep. No. 98-65 at 60 (1983) (stating, "[t]he key consideration should be ensuring that the debtor will not suffer an

undue hardship by the execution of any reaffirmation agreements.  In short, the debtor's fresh start should not be impaired by any such agreements."); H.R. Rep. No. 95-595 at 366 (1977) (stating, "[t]he change . . . is intended to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it").  If the process intended to protect the debtor is not followed, the Court cannot permit a creditor's influence to achieve the same result.

*Conclusion*

For the forgoing reasons, the Debtors' Motion is denied.  The case will not be reopened, the Debtors may not vacate their entire discharge nor vacate the discharge with respect to Ford, and the Court will not approve the Reaffirmation Agreement.  An order consistent with this Memorandum Decision shall be entered forthwith.

Dated: Central Islip, New York
      December 21, 2010                                      By: ***/s/ Robert E. Grossman***
                                                                      Robert E. Grossman
                                                                      U.S. Bankruptcy Judge